**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| MSI EXPRESS INC.,<br><br>Plaintiff,<br><br>v.<br><br>MENPER DISTRIBUTORS, INC. d/b/a Menper Group; MENPER DISTRIBUTORS, LLC d/b/a Menper Group; SUERO ORAL, INC.; and HOYT A. SMITH ENTERPRISES, INC.<br><br>Defendants. | CAUSE NO.: 2:26-CV-63-TLS-APR |

**OPINION AND ORDER**

This matter is before the Court on a Stipulated Order of Dismissal Without Prejudice with the Court to Retain Jurisdiction to Enforce the Terms of the Parties' Settlement Agreement [ECF No. 29], filed on November 19, 2026. The stipulated order states that the parties have reached a settlement that requires full performance by September 28, 2027; they agree to dismissal of this action without prejudice; the Court will retain jurisdiction to reinstate the proceedings to enforce the terms of the settlement agreement and grants the parties leave to file a motion to enforce the settlement agreement no later than November 15, 2027; and the dismissal without prejudice will automatically convert to a dismissal with prejudice if no motion to reinstate is filed before November 15, 2027.

It is the Court's practice not to conditionally dismiss without prejudice subject to a subsequent event resulting in a dismissal with prejudice because of the potential jurisdictional confusion that can arise. *See Ali v. City of Chicago*, 34 F.4th 594, 598 (7th Cir. 2022) ("We have often expressed concerns about dismissals with leave to reinstate and their potential to create

jurisdictional confusion . . . ."); *Shapo v. Engle*, 463 F.3d 641, 644 (7th Cir. 2006) ("So here we have a concrete example of the confusion injected by the 'springing' type of judgment entered in this case. By making the final judgment contingent on future events, the judge created a situation in which it might be . . . uncertain when an appealable judgment was entered."); *see also Raymer v. Mollenhauer*, No. 3:10-CV-210, 2011 WL 338825, at *2 (N.D. Ind. Jan. 31, 2011).

Accordingly, the Court hereby STRIKES the Stipulated Order of Dismissal Without Prejudice with the Court to Retain Jurisdiction to Enforce the Terms of the Parties' Settlement Agreement [ECF No. 29] and GRANTS the parties up to and including December 21, 2026, to either (1) file a stipulation of dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) that does not require the Court to retain jurisdiction or (2) file a motion to stay these proceedings until November 15, 2027, to allow the parties to execute the terms of the settlement agreement, at which time the parties will file a stipulation of dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

SO ORDERED on November 25, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT